```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/9/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWIN GALINDEZ,

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

1:19-cv-04548-MKV

OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION
AND REMANDING FOR FURTHER
PROCEEDINGS

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff Edwin Galindez ("Plaintiff") commenced this action on May 17, 2019, seeking judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income benefits. [ECF No. 1.] On July 12, 2019, the Court (Failla, *J.*) referred this case to Magistrate Judge Wang for a Report and Recommendation. [ECF No. 10.] On November 20, 2019, Plaintiff filed a Motion for Judgment on the Pleadings. [ECF Nos. 16–17.] On February 4, 2020, the Commissioner filed a Cross-Motion for Judgment on the Pleadings. [ECF Nos. 20–21.] On February 5, 2020, Plaintiff filed a Reply Memorandum. [ECF No. 22.] The case was reassigned to me that same day.

    On October 2, 2020, Magistrate Judge Wang issued a Report and Recommendation recommending that Plaintiff's Motion be granted insofar as the case be remanded for further proceedings and that the Commissioner's Motion be denied. [ECF No. 23.] Magistrate Judge Wang concluded that the administrative law judge ("ALJ") failed to (1) "address and consider Dr. Rosa's and Dr. Chambliss's treatment of Plaintiff," (2) "provide 'good reasons' for according the treating sources', Dr. Nwokeji's and N.P. Cornay's, opinions little weight," and (3) "clarify Dr. Nwokeji's and N.P. Cornay's opinions pursuant to 20 C.F.R. 416.920b(c)," *i.e.*, develop the record. [*Id.* at 23, 25.] Magistrate Judge Wang also concluded that the ALJ "did not correctly

apply the treating source rule [and thus] could not have properly determined Plaintiff's [residual functioning capacity]." [*Id.* at 27.] Finally, Magistrate Judge Wang found that the ALJ's decision "does not engage in an evaluation as to the credibility of Plaintiff's complaints regarding his vertigo and anxiety." [*Id.* at 28.] Magistrate Judge Wang advised the parties that they had fourteen days to file objections to the Report and Recommendation. To date, no objections have been filed.

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties are given fourteen days to raise objections to the report and recommendation. *Id.* "A district court must review *de novo* 'those portions of the report or specified proposed findings or recommendations to which objection is made.'" *George v. Professional Disposables Int'l, Inc.*, No. 15-CV-3385 (RA), 2016 WL 3906715, at *1 (S.D.N.Y. July 14, 2016) (quoting 28 U.S.C. § 636(b)(1)); *see also* Fed. R. Civ. P. 72(b) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). "Where no timely objection has been made, the district court may adopt the report and recommendation, 'provided no clear error is apparent from the face of the record.'" *Gao v. Perfect Team Corp.*, 10 Civ. 1637 (ENV) (CLP), 2016 WL 1464556, at *1 (E.D.N.Y. Apr. 13, 2016) (quoting *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014)); *see also Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008) ("To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." (quoting *Arthur v. Goord*, No. 06 Civ. 326(DLC), 2008 WL 482866, *3 (S.D.N.Y. Feb. 21, 2008))). Clear error is present where "upon review of the entire record, [the Court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (quoting *United States v. Garcia*, 413 F.3d 201, 222 (2d Cir. 2005)).

Although no objections have been filed, and thus *de novo* review is not required, the Court carefully reviewed the Report and Recommendation and the administrative record *de novo* in an abundance of caution.  *See Parrino v. SunGard Availability Servs.*, No. 11–CV–3315(JFB)(GRB), 2012 WL 827024, at *2 (E.D.N.Y. Mar. 9, 2012).  The Court finds no error—clear or otherwise—in Magistrate Judge Wang's thorough and well-reasoned Report and Recommendation.  The Report and Recommendation reflects a meticulous review of the administrative record and a well-reasoned discussion of applicable regulations and caselaw.

Accordingly, the Court HEREBY ADOPTS Magistrate Judge Wang's Report and Recommendation in its entirety.  For the reasons stated in the Report and Recommendation, Plaintiff's Motion for Judgment on the Pleadings is GRANTED insofar as this case is REMANDED for further proceedings.  The Commissioner's Motion for Judgment on the Pleadings is DENIED.  The decision of the Commissioner denying Plaintiff's application for supplemental security income benefits is VACATED and the case is REMANDED to the Social Security Administration for further proceedings consistent with Magistrate Judge Wang's Report and Recommendation.

The Clerk of Court is respectfully requested to terminate the motions at docket numbers 16 and 20 and close the case.

**SO ORDERED.**

Date:  November 9, 2020
New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

3